IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| Allstar Mayflower, LLC, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 09-572C |
| | ) | (Senior Judge Smith) |
| The United States of America, | ) | |
| | ) | |
| Defendant | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE  STATEMENT

Plaintiffs Allstar Mayflower, LLC, et al. hereby respond to defendant's motion requesting the Court to dismiss plaintiffs' complaint for lack of subject matter jurisdiction on the alleged ground that plaintiffs' claims are time-barred, or in the alternative, for a more definite statement of plaintiffs' claims.  For the reasons stated below, plaintiffs maintain that defendant's motion should be denied.

## STATEMENT OF THE CASE

Plaintiffs filed this complaint pursuant to this Court's jurisdiction under 28 U.S.C. §2501 and the Contract Disputes Act (CDA), 41 U.S.C. §609, for amounts owed plaintiffs by defendant for reimbursement of bank service fees, hereinafter referred to as "PowerTrack fees" paid by plaintiffs

under a contract which SDDC required all TSPs to enter into.  Senior Judge
Loren A. Smith determined in <u>Steven Van Lines, Inc. et al.</u> v. <u>United States</u>,
80 Fed. Cl. 276, 281 (2008) that SDDC had contractually agreed to
reimburse TSPs for reimbursement of PowerTrack fees paid during
procurements IW05 and DW05.  (80 Fed. Cl. at 281).

Defendant requests the Court to dismiss plaintiffs' complaint for lack
of jurisdiction on the ground that plaintiffs' claims for PowerTrack fees are
claims for transportation charges which are time-barred by the three-year
statute of limitations of 49 U.S.C. §14705(f) and therefore that the Court
does not have jurisdiction over plaintiffs' complaint.

For the reasons stated below we maintain that plaintiffs' claims for
PowerTrack fees are not claims for transportation charges, are not subject to
the three-year statute of limitations and that the Court has jurisdiction over
plaintiffs' claims.

RESPONSE TO MOTION TO DISMISS

In the <u>Stevens</u> decision, Senior Judge Smith held that the Surface
Deployment and Distribution Command (SDDC) had contractually
committed to reimburse Transportation Service Providers (TSPs)
participating in SDDC's Personal Property procurements, such as plaintiffs,
for PowerTrack fees claimed by plaintiffs.  The PowerTrack fees claimed

are for monies paid by plaintiffs for banking services provided by U.S.

Bank, a private banking institution, under a PowerTrack Seller Agreement

(PowerTrack Agreement) entered into by U.S. Bank and the respective

plaintiffs.[1]  Under the PowerTrack Agreement, the U.S. Bank processed

TSPs' billings for services performed in SDDC's international and domestic

Personal Property procurements by its PowerTrack electronic system.

SDDC is not a party to the PowerTrack Agreement between U.S. Bank and

the TSP.

Paragraph 4 of the PowerTrack Agreement provides:

> "…In consideration for U.S. Bank paying any Buyer-Approved
> Payments [i.e. payments approved by the military] processed
> through PowerTrack to Seller [i.e. TSP], <u>Seller shall pay to U.S.
> Bank the fees as set forth Addendum A.</u>   Seller acknowledges
> and agrees that upon written request from Seller, <u>U.S. Bank
> may deduct such applicable fees prior to remitting Approved
> Payments to Seller</u>…" (Emphasis supplied).

Paragraph  4 of the PowerTrack Agreement required plaintiffs to pay

U.S. Bank a payment processing fee which is assessed on a per transaction

basis.[2]  As authorized by the PowerTrack Agreement, paragraph 4, the U.S.

Bank deducts the payment processing fee, i.e. "the PowerTrack fee" from

monies paid to the TSP pursuant to its billings.  In this regard, the U.S. Bank

---

[1]  Attachment 1 is the PowerTrack agreement entered into by plaintiffs and the U.S. Bank.

[2]  Initially the payment processing fee was 1 percent of the approved payment, which fee was subsequently
increased to 1.1 percent and then to 1.2 percent of the approved payment for shipments moving during
IW05 and DW05.  DW05 is the procurement involved in this case.

acts similarly to a credit card company in the private sector where the credit card company charges a merchant a fee for processing its billings for goods or services.

The payment processing fee (PowerTrack fee) is deducted by the U.S. Bank from payments made to the TSPs and is retained by U.S. Bank. None of the PowerTrack fees were paid by the U.S. Bank to the U.S. government.

Plaintiffs' claims for reimbursement of the PowerTrack fees are for the procurement cycle known as DW05 (November 1, 2005 – April 30, 2006). For procurement cycles prior to IW05 and DW05, SDDC reimbursed TSPs for PowerTrack fees charged by U.S. Bank. This Court held in Stevens, supra, that SDDC agreed to reimburse all TSPs for PowerTrack fees they paid to the U.S. Bank pursuant to agreements entered into by plaintiffs with the U.S. Bank. (80 Fed. Cl. at 281). Defendant reimbursed other TSPs for the PowerTrack fees after service of the decision in Stevens and plaintiffs here seek such reimbursement which defendant has declined to make.

In Stevens, supra, Senior Judge Loren A. Smith, upheld the claims of 240 TSPs and determined that SDDC was contractually obligated to reimburse those TSPs for the PowerTrack fees which they paid on shipments picked up during the IW05 and DW05 procurements. During 2009, 214

other TSPs filed claims under the CDA for reimbursement of PowerTrack fees for IW05 and DW05 shipments with Colonel Daniel Bradley, SDDC's Deputy Chief of Staff for Personal Property. As SDDC's Contracting Officer, Col. Bradley granted these claims in the aggregate amount of $988,705 which amount has been paid to those TSPs. (Complaint, para. 50).

Plaintiffs' claims before this Court are identical to the claims of the 240 TSPs upheld by the Senior Judge Smith in the <u>Stevens</u> decision and the CDA claims of 214 other TSPs paid by Col. Bradley.

ARGUMENT

I.    THE THREE-YEAR STATUTE OF LIMITATIONS FOR CLAIMS FOR TRANSPORTATION CHARGES, 49 U.S. §14705, DOES NOT APPLY TO PLAINTIFFS' CLAIMS FOR REIMBURSEMENT OF THE POWERTRACK FEES.

Defendant contends that plaintiffs' claims for reimbursement of PowerTrack fees are claims for transportation charges which are time-barred by the three-year statute of limitations of 49 U.S.C. §14705(a) and (f) which provide in pertinent part:

> "(a) In general – A carrier providing transportation or service subject to jurisdiction under chapter 135 [of the Interstate Commerce Commission Termination Act] must bring a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues.

* * *

(f) Government transportation—This section applies to transportation for the United States Government. The time limitations under this section are extended, as related to transportation for or on behalf of the United States Government, for 3 years from the later of the date of—
(1) payment of the rate for the transportation or service involved;
(2) subsequent refund for overpayment of that rate; or
(3) deduction made under section 3726 of title 31."

Defendant's contention that plaintiffs' claims for reimbursement of the PowerTrack fees are barred by section 14705 is predicated on the erroneous assumption that plaintiffs' claims are for amounts due for transportation services under the terms of the DW05 procurement. This contention is contrary to fact and unsupportable.

The fact is that during the IW05 and DW05 procurements SDDC contended that there was no contract for reimbursement of the PowerTrack fees and prohibited TSPs, including plaintiffs, from billing for reimbursement of the PowerTrack fee during IW05 and DW05. If plaintiffs had included the PowerTrack fees in their billings for DW05 shipments, the billings would have been rejected by U.S. Bank's PowerTrack system because they were not for transportation charges provided for under the terms of the DW05 procurement. It was not until the Stevens decision issued on January 23, 2008 that plaintiffs' right to reimbursement of PowerTrack fees paid on IW05 and DW05 shipments was established.

Moreover, section 14705 by its terms applies only to claims by carriers (TSPs) for undercharges for transportation services or for the recovery of monies deducted by the government from monies due TSPs for transportation services pursuant to 31 U.S.C. §3726(d).[3]  Plaintiffs' claims for PowerTrack fees are not claims for undercharges or for recovery of amounts deducted from payments of billings based upon the rates or charges specified in the transportation contracts involved, viz. the DW05 personal property procurement or the Government Bill of Lading contracts issued under that procurement.

The legislative history supports plaintiffs' position that the three-year statute of limitations, presently codified in section 14705, applies only to claims for transportation undercharges or overcharges based on the rates and charges for transportation services under a transportation contract. Defendant correctly states the three-year statute of limitations was derived from the Interstate Commerce Act in 1887. (Def. Motion, p. 4).  Section 16(3) of that Act required that an action by a rail carrier to recover transportation undercharges and by a shipper to recover transportation

---

[3]  Section 3726(d) provides: "(d) Not later than 3 years (excluding time of war) after the time a bill is paid, the Government may deduct from an amount subsequently due a carrier or freight forwarder an amount paid on the bill that was greater than the rate allowed under—

* * *

(3) section 10721, 13712 and 15504 of title 49 or an equivalent arrangement or an exemption." (These sections provide for rates for transportation for the United States Government)."

overcharges be brought within two years of the accrual of the claim. By

Public Law 81-138, June 29, 1949, Congress amended the Interstate

Commerce Act so as to apply the same two-year limitation period to motor

carriers and water carriers and to freight forwarders. That the statute of

limitations again applied only to claims for transportation charges based on

the applicable rate or charge in the transportation contract was made clear in

House Report No. 776, June 8, 1949, which accompanied Public Law 81-

138:

> "Ordinarily the charges made by a carrier are prepaid by the
> shipper or collected by the carrier from the consignee upon
> delivery of the shipment. It happens not infrequently, however,
> that errors are made in the assessment of these charges. If the
> carrier fails to collect the full amount to which it is entitled,
> there arises what is commonly known as an undercharge, which
> carriers subject to the Interstate Commerce Act are under a
> legal duty to collect, by suit if necessary. On the other hand,
> when such a carrier collects a charge in excess of that
> applicable to the transportation under a tariff lawfully filed with
> the Commission, there arises what is commonly known as an
> overcharge and the shipper is entitled to bring an action against
> the carrier to recover the amount of the overcharge." (1949
> Cong. & Admin. News, pp. 1429-1430).

Subsequently, by Public Law 85-702, August 26, 1958,[4] Congress

extended the time for filing for claims for undercharges or overcharges to

three years, which limitation period is now incorporated in 49 U.S.C. 14705.

---

[4]  1958 U.S. Code Cong. & Admin. News, p. 109.

This legislative history establishes that the three-year statute of limitations, applies only to civil actions for undercharges or overcharges applicable to rates or charges of a carrier (TSP) for a transportation service as provided in the transportation contract. The three-year statute has no applicability to government contracts for non-transportation services which are subject to the one-year statute of limitations of limitations of the CDA, 41 U.S.C. §609, and this Court's six year statute of limitations of 28 U.S.C. §2501. Since the three-year statute of limitations applies solely to claims for transportation charges, it cannot serve as the basis for dismissal of plaintiffs' claims for reimbursement of PowerTrack fees paid under the terms of their contract with U.S. Bank.

## II. THE HOLDING IN THE INTER-COASTAL XPRESS DECISION DOES NOT APPLY TO PLAINTIFFS' CLAIMS FOR POWERTRACK FEES.

Defendant relies on the decision in Inter-Coastal Xpress v. United States, 296 F.3d 357 (Fed. Cir. 2002), which held that claims by a carrier (TSP) against the government for charges for transportation services are subject to the administrative dispute resolution procedures of the Transportation Act, 31 U.S.C. §3726 and to the three-year statute of limitations for bringing a civil action on a claim for transportation charges and that the Court of Federal Claims does not have jurisdiction under the

CDA over carrier claims for transportation charges. In so holding, the Court made clear that its decision did not apply to contracts that involved services other than or in addition to transportation services stating:

> "Accordingly, we hold that ICA [Interstate Commerce Act], including the three-filing period, applies to actions seeking to recover the 'charges' or 'payment' allegedly owed on contracts with the government for transportation services. <u>Our holding to date does not extend to contracts that involved services of property other than (or in addition to) transportation services</u>." (296 F.3d at 1369) (Emphasis supplied)

In the <u>Inter-Coastal Xpress</u> case, the carrier's claims were for "holdover" charges contained in the carrier's transportation tender filed with the government to compensate the carrier for the additional service of holding shipments, at the government's request, for delivery on the next business day. (296 F.3d at 1360). The claim considered by the Court in <u>Inter-Coastal</u> is clearly for a charge for transportation service provided under the carrier's tender accepted by the government.

In contrast, the PowerTrack fees are not charges provided for in the IW05 or DW05 solicitations or in Government Bills of Lading contracts issued by the government pursuant to those solicitations. Plaintiffs' claims for reimbursement of PowerTrack fees are not claims for the provision of transportation services, are therefore not claims of the type involved in the

Inter-Coastal Xpress decision and are not subject to the three-year statute of limitations of 49 U.S.C. §14705.

For similar reasons, The Armed Services Board of Contract Appeals in Gosselin Worldwide N.V., ASBCA No. 55365, 06-2 BCA ¶33, 428, distinguished the holding of Inter-Coastal Xpress and similar decisions[5] and held that the carrier's claim for Prompt Payment Act interest on monies paid for transportation services is not a claim for monies due for transportation services and therefore was not barred by the three-year statute of limitations. The Board stated:

> "The common thread that ran through Dalton (setoff for property damage)., Inter-Coastal (charge for unscheduled hold-overs) and AIT (charges for trucks and emergency man hours) is that the claim asserted in each of those cases was on the performance of the underlying contract or GBL for transportation services.  In contrast, there is no claim filed with respect to the performance of the underlying transportation services contract or GBL in the appeal before us.  Indeed, as Gosselin emphatically stated, the **only** claim – involved prior to and in this appeal is Gosselin's claim for the payment of interest penalties under the provisions of the Prompt Payment Act.'… Because of this distinction, we conclude that Dalton, Inter-Coastal and AIT do not control the jurisdiction question presented here."[6]

---

[5] Dalton v. Sherwood Van Lines, Inc. 50 F.3d 1014 (Fed. Cir. 1995); AIT Worldwide Logistics, Inc., ASBCA No. 54973, O6-1 BCA ¶33,267

[6] A legal distinction between the claim in Gosselin for PPI and the TSPs' claims for PowerTrack fees is that the Prompt Payment Act specifically provides that claims for unpaid PPI are to be resolved under the Contract Disputes Act. (31 U.S.C. §3907).  However, the Board's rationale for distinguishing the transportation claim decisions is valid, apart from this statute, and applies to the PowerTrack claims.

We maintain that a similar holding is warranted in this case. As shown above, plaintiffs' claims for PowerTrack fees are not claims for amounts due for performance of transportation services during the IW05 or DW05 procurements. Plaintiffs' claims are for reimbursement of PowerTrack fees under the contract found by Senior Judge Smith in the <u>Stevens</u> decision which is a contract for services other than or in addition to transportation services within the holding of <u>Inter-Coastal Xpress</u> decision (296 F.3d at 1369)

### III.   PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

By its alternative Motion for a More Definite Statement, defendant requests the Court to order plaintiffs to furnish the payment date of each of their billings for charges for transportation services performed on DW05 shipments. Defendant states that these dates are requested because that is the date the three-year statute of limitations under Section 14705 begins to run.

We maintain this Motion should be denied because plaintiffs' claims for PowerTrack fees are timely on the face of the complaint and support this Court's jurisdiction over contract claims under 28 U.S.C. §2501 which allows a complaint to be filed within six years of accrual and under the

CDA, 41 U.S.C. §609, which allows a complaint to be filed within 12 months of a Contracting Officer's decision.

This complaint was filed August 28, 2009 for PowerTrack fees for domestic shipments occurring during November 1, 2005 through April 30, 2006. This complaint was thus filed within six years of accrual of the claims and is therefore timely under 28 U.S.C. §2501 and within 12 months of Colonel Bradley's decision dated August 4, 2009 denying plaintiffs' claim for PowerTrack fees, as allowed by the CDA, 41 U.S.C. §609.

For these reasons, we maintain that plaintiffs' complaint is timely-filed under this Court's jurisdictional statutes, 28 U.S.C. §2501 and 41 U.S.C. §609. Therefore, the dates of payment to plaintiffs for DW05 shipments requested by defendant are not relevant or material to the issue before this Court and its motion for a more definite statement should be denied.

CONCLUSION

For the above reasons, plaintiffs respectfully request the Court to deny

defendant's motion to dismiss plaintiffs' complaint, or in the alternative, for

a more definite statement.

Respectfully submitted,

s/Alan F. Wohlstetter
Alan F. Wohlstetter
DENNING & WOHLSTETTER
1050 Seventeenth Street, NW,
Stanley I. Goldman          Suite 520
Denning & Wohlstetter     Washington, DC  20036
Of Counsel                Tel:  (202) 833-8884
Fax:  (202) 833-8886
E-mail: awohlstetter@aol.com
Attorney for
Allstar Mayflower, LLC, et al.

Dated:  December 28, 2009